# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15-cv-108-FDW

| | |
|---|---|
| KENNETH LEE TRAMPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| ) | |
| JASON SMITH, Tribal Prosecutor, ) | |
| KIRK SAUNOOKE, Trial Judge, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915A.

## I. BACKGROUND

Plaintiff, a prisoner currently incarcerated at the Eastern Band of Cherokee Indians Detention Center in Cherokee, North Carolina, filed this action on June 12, 2015, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: (1) Jason Smith, a Tribal Prosecutor for the Eastern Bank of Cherokee Indians, and (2) Kirk Saunooke, a Tribal Judge for the Eastern Bank of Cherokee Indians. In the Complaint, Plaintiff alleges, in full: "I was sentenced on October 1, 2014, by Judge Saunooke to 3 [years] in a [Bureau of Prisons facility] so I could get classes and better my life instead of [two-and-a-half years] in a Detention Center, yet I am still sitting in a Detention Center. Jason Smith offered the deal and is suppose[d] to be the one to get me into a B.O.P." (Doc. No. 1 at 3-4). Plaintiff does not identify any legal claims he purports to

1

bring. As his requested relief, Plaintiff states that he would like for this Court to "[g]et me into a B.O.P. (or) get me back in front of a judge for a time cut [or] give me the 85% of my time like I would get in a B.O.P." (Id. at 4).

## II. STANDARD OF REVIEW

Here, Plaintiff has paid the filing fee. Thus, he is not proceeding in forma pauperis. Nevertheless, regardless of whether Plaintiff paid the filing fee, 28 U.S.C. § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's Complaint will be dismissed for failure to state a claim. Plaintiff purports to bring a civil action pursuant to 42 U.S.C. § 1983 against the tribal prosecutor and the tribal judge who participated in Plaintiff's criminal action in tribal court for the Eastern Band of Cherokee

Indians.  Actions brought under 42 U.S.C. § 1983 must allege deprivation of constitutional rights under color of state law, as opposed to under color of tribal law.  See R.J. Williams Co. v. Fort Belknap Hous. Auth., 719 F.2d 979, 982 (9th Cir. 1983).  Here, Plaintiff does not allege that Defendants were acting under color of state law; indeed, Plaintiff's claim appears to arise from his criminal conviction in tribal court pursuant to tribal law.  Thus, for this reason alone, Plaintiff's action is subject to dismissal.

In addition, to the extent that Plaintiff purports to sue Defendants in their official capacities, Defendants enjoy sovereign immunity from suit.  "Indian tribes are neither states, nor part of the federal government, nor subdivisions of either."  N.L.R.B. v. Pueblo of San Juan, 276 F.3d 1186, 1192 (10th Cir. 2002) (en banc).  Unless Congress authorizes the suit or sovereign immunity has been waived, Indian tribes, tribal entities, and persons acting on tribes' behalf in an official capacity enjoy sovereign immunity against suit.  Kiowa Tribe of Okla. v. Mfg. Techs., Inc., 523 U.S. 751, 754 (1998) (tribe); Allen v. Gold Country Casino, 464 F.3d 1044, 1046 (9th Cir. 2006) (tribal entity), Hardin v. White Mountain Apache Tribe, 779 F.2d 476, 479-80 (9th Cir.1985) (tribal officials).

**IV.     CONCLUSION**

For the reasons stated herein, Plaintiff's Complaint will be dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim upon which relief can be granted.   The action is dismissed without prejudice to Plaintiff bring an appropriate action in the tribal court seeking transfer from the

Eastern Bank of Cherokee Indians Detention Center to a BOP facility to serve his sentence.[1]

	_____
	Frank D. Whitney
	Chief United States District Judge

---

[1] Moreover, pursuant to 25 U.S.C. § 1303, habeas relief is also available to persons who believe they have been wrongfully incarcerated or detained by an Indian tribe. See 25 U.S.C. § 1303 ("The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe."). Thus, Plaintiff is not without a remedy to the extent that he is being wrongfully detained by the tribal court.